The Chief Justice delivered the opinion of the court.
John I. Jones sued out of this court a writ of certiorari, directed to the judges of the Court of Oyer and Terminer and General Gaol Delivery of the county of Warren, to remove' into this court “a certain indictment before them, lately found against the said John I. Jones for a misdemeanor.” A return to the writ was made, containing an indictment for forgery, with its caption and the proceedings thereon. Issue being joined here, the cause went down to trial at the Circuit Court of the county of Warren ; where,
. a variance being found between the instrument as set forth in the transcript of the indictment and that produced in evidence, and alleged to have been forged, consisting in the omission of several words contained in the latter, the defendant was acquitted. Upon the return of postea, the indictment as contained in the transcript made out by the clerk of this court is seen to correspond in all things, with the indictment as set out in the return made to the writ of certiorari. On the part of the defendant a motion is made for final judgment on the postea. On the part of the state, a certificate under the hand and seal of the clerk of the Court of Oyer and Terminer of the county of Warren, purporting to exemplify an indictment found at June term 1826, *345 against John I. Jones for forgery is produced, and also a paper purporting to be the original indictment; and it is moved that he be held for his appearance at the next Oyer .and Terminer of that county for the trial of the traverse of that indictment.
The design of the production of these papers, on the part -of the state, is, in effect, to show that the return made by the court of Oyer and Terminer to the writ of certiorari was untrue; that the indictment then certified was not the indictment there pending. Such an effort on the part of the state is, in my opinion, entirely inadmissible. The defendant having shown sufficient cause and entered into the prescribed recognizance, had a legal right to remove into this court the indictment which had been presented against him. For this end, he sued out the regular and lawful process. He delivered it to the court of Oyer and Terminer, and thereby fulfilled the duty incumbent on him. There is no allegation that when presented there, more than one indictment was *pending against him. The court [*291 made return to the certiorari and have thereby certified in due, formal and legal manner, under their seal, that the indictment which they have sent is the indictment then pending against him in that court, and which they were by the process required to transmit. Over this return and the making and contents of it, the defendant had no control; nor was it admissible for him to interfere, otherwise than in common with the prosecuting attorney by way of allegation of diminution. When brought into this court-, if not properly made, the prosecuting attorney might have sought to -make the return conform to the fact, as was done in respect to the caption. At the present stage of the cause, after a trial has taken place, and the verdict, being in favor of the defendant, has entitled him to the judgment of this court, the state cannot now on any sound principle be permitted to shew by a certificate of the clerk, or even by the production of an original indictment, that the return made by the Court *346 of Oyer and Terminer is untrue. It is now too late to allege diminution. The return cannot legally in this manner, be contradicted. The argument on the part of the state, that there is another and sufficient indictment pending against him is not valid. So far as we know or have legal means of knowledge, there is no other than that contained in the return. The argument assumes a fact, of which the law does not now permit us, in this mode, to receive information.
■ The consequence must be that we cannot hold him to appear at the Oyer a.nd Terminer; another consequence is that no proceeding, founded on the indictment originally presented, can be taken in the Oyer and Terminer. If application be made there, the answer they will be bound to give is that they have no jurisdiction, the certiorari having completely arrested the same.
If it be said, that by the result of this opinion the defendant may escape from the charge of a serious offence, of which, if guilty, he is justly obnoxious to a heavy punishment; the answer is, that the safety of the community consists in a stedfast adherence to rule and principle especially in criminal cases, even if at times, a guilty individual should thereby escape. The rigor of the law in this respect has sometimes, perhaps we may be permitted to say unjustly, notwithstanding the great name of Sir'M. Hale, been subject to reproach. An escape from trial is not however, a necessary consequence. Another indictment may be fouud. *292] *An acquittal on this indictment would be no bar to another indictment correctly drawn. Cogan’s case, Leach. If in this case it be now too late.to present another indictment, the lapse of time, and not the principles we are bound to follow, creates the difficulty. This supposed difficulty, moreover, can form no more cogent reason than would be found in every ordinary case of material omissions in the indictment, where the period of limitation had expired; for then too it might be said, the guilty may escape. But if even in this isolated case, the defendant may escape with *347 a doubt hanging over his innocence, let it be so, rather than that an error of the public officers, if such there be, should be visited on him. At his expense, he has carried down to the Circuit Court the record for trial; at his expense he has brought here a postea containing a verdict of acquittal. The error, if any exists, is not in the slightest degree imputable to him. It is as unreasonable as it is unjust to tell him, the certifying officer has made an error, whereby all your labor and expense are rendered fruitless, and you are in consequence of such mistake again to undergo a trial, although you may in the meantime irretrievably lose the evidence of the witnesses who might establish your innocence, by their death or absence.